## Bonney & Bonney, Copartners, v. Ketcham, Surviving Partner, etc.

1. DECREES—*Must be Based upon the Pleadings.*—A decree must be warranted by the pleadings.

2. MECHANICS' LIENS.—*Personal Decrees.*—Upon a petition for a mechanics' lien, a personal decree against parties who did not incur the indebtedness, can not be sustained.

**Memorandum.**—Mechanics' lien proceedings. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed December 21, 1893.

The opinion states the case.

LYMAN M. PAINE, attorney for appellants.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this case appellee filed in the court below a petition for a mechanics' lien, which was duly answered. Afterward a stipulation was filed in said cause to the effect that whereas, a suit at law brought by appellee against appellants was pending, which suit was "for the same claim" as the petition, "one being by way of assumpsit, and the other by way of lien upon the property described in the petition, therefore both causes should be heard together and such decree entered in said respective causes" as should be legal and equitable. Upon the hearing, it appeared and the court found that the materials furnished, for which the lien was claimed, were not supplied to or upon the credits of appellants; it also appeared at the hearing that the contractor to whom the materials were furnished had made certain assignments to appellants in trust for appellee and others, and that there was in appellants' hands under such assignment the sum of $242.08, in trust for appellee; the court therefore, finding that the petitioner was not entitled to a lien as prayed, rendered a personal decree against appellants in favor of appellee for $242.08, and ordered that appellee have execution therefor.

It is doubtless the case that this decree was prepared by counsel and presented to the chancellor as in accordance with a finding he had announced, and was by him signed, without his intention having been called to the fact that there is no pleading warranting any such decree. The pleadings in the case at law are not shown; if sufficient, the court might have entered a judgment in that case, in effect the same as this decree; and if there were any pleading asking for the enforcement of the trust shown to exist, this decree might be sustained; but upon a mere petition for a mechanic's lien, which is denied, this personal decree against parties who did not incur any indebtedness because of the furnishing of the materials supplied, can not be maintained.

The decree of the Circuit Court is therefore reversed and the cause remanded.